IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| EDIE RIESTER, | ) | CASE NO. 8:08CV188 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JAY VICK, Plan Administrator, | ) | |
| an Agent or Representative of | ) | |
| Connectivity Solutions Manufacturing, | ) | |
| Inc., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Plaintiff's Motion to Amend Pleadings. The Court has reviewed the Plaintiff's motion (Filing No. 30), proposed amended pleading (Filing No. 30-2), and the accompanying brief (Filing No. 31), as well as the Defendant's responsive brief (Filing No. 34). The Court finds that the Plaintiff's motion should be granted.[1]

Furthermore, based on review of the pleadings and briefs filed in this matter, the Court finds merit to the Defendants' request, in Filing No. 34, for clarification by the Court as to the identity of the defendant or defendants named by the Plaintiff in her Amended Complaint. Upon review of the Plaintiff's proposed First Amended Complaint (Filing No. 30-2) and the brief in support of her motion to amend (Filing No. 31), the Court finds that Plaintiff's intention is to state claims against one defendant, Jay Vick, as Plan

---

[1] In her supporting brief, the Plaintiff states that the Court's initial progression order (Filing 22) "provided that any amendment to the pleadings be filed no later than October 21, 2008." (Filing No. 31, p. 2). Contrary to Plaintiff's contention, and in conformity with Fed. R. Civ. P. 15(a)(2), the progression order clearly states that "[a]ny **motion** to amend pleadings . . . shall be filed not later than October 21, 2008." (Filing No. 22, emphasis added).

Administrator.[2]  Therefore, all claims are deemed withdrawn or hereby dismissed as against Connectivity Solutions Manufacturing, Inc.  Finally, in accordance with the Defendants' representations in their responsive brief (Filing No. 34), the Defendants' pending Motions for Judgment on the Pleadings (Filing Nos. 23 and 25) will be denied as moot.  Accordingly,

IT IS ORDERED:

1. Plaintiff's Motion for Leave to File Plaintiff's First Amended Complaint (Filing No. 30) is granted;

2. Plaintiff's First Amended Complaint (Filing No. 30, Attachment #1) shall be deemed filed instanter, as of the date of this Order, and the Clerk of the Court is directed to docket it as a separate filing;

3. Defendant Jay Vick shall respond to the First Amended Complaint within the time allowed by Fed. R. Civ. P. 15(a);

4. Defendants' Motions for Judgment on the Pleadings (Filing Nos. 23 and 25) are denied as moot; and

5. The Clerk of the Court is directed to terminate Connectivity Solutions Manufacturing, Inc. as a defendant.

DATED this 11th day of September, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

---

[2]Although the caption of the original complaint (Filing No. 1) does not clearly identify Connectivity Solutions Manufacturing, Inc., as a defendant separate from Jay Vick, the Plaintiff identified Connectivity Solutions, Inc., as the defendant in the second paragraph of her original complaint.  Plaintiff then requested summons for both Jay Vick and Connectivity Solutions (Filing No. 2 and 3).  The proposed First Amended Complaint (Filing No. 30-2), identifies only one defendant, Jay Vick (Id., ¶ 2), but still contains a reference to "Defendants" in the first line of the pleading.